UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EC-MAGNUSON POINTE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAGNUSON POINTE CONDOMINIUM ASSOCIATION, a Washington nonprofit corporation,<br><br>Defendant. | No. C09-1438Z<br><br>ORDER |

THIS MATTER comes before the Court on Defendant Magnuson Pointe Condominium Association's Motion to Dismiss or Stay, docket no. 5. Having reviewed the papers filed in support of and in opposition to the motion, the Court GRANTS Defendant's motion, docket no. 5, and DISMISSES without prejudice Plaintiff's Complaint for Declaratory Relief.

## I.  BACKGROUND

This federal action and a related state court action arise out of a 2005 conversion of apartments to condominiums by EC-Magnuson Pointe, LLC (the "Developer").  The Magnuson Pointe Condominium Association (the "Association"), which represents condominium unit owners, has alleged ten constructive defect and property damage claims in a state court action against the Developer and nine other defendants.  Siegel Decl., docket no. 6, Ex. 1 (state court complaint, filed Oct. 19, 2009).  In the present federal action, the

ORDER  -1-

Developer has alleged a single claim for declaratory relief pursuant to 28 U.S.C. § 2201 against the Association. Compl., docket no. 1 (federal court complaint, filed Oct. 13, 2009). The Developer specifically seeks a declaratory judgment that "on April 17, 2008 the parties entered into a valid and binding oral agreement, which was subsequently reduced to writing and partially performed by Developer, the essential terms of which are that in exchange for a release of all claims by the [Association], Developer agreed to pay to the [Association] $136,676.00 for the certain repairs and upgrades to the buildings, and to perform other repairs directly at its own expense." Compl. at 6. The Association now moves to dismiss or stay this federal action pending the resolution of the state court action.

## II. DISCUSSION

The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); see also 28 U.S.C. 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added). Before exercising its declaratory discretion, a district court must first ensure that the constitutional and statutory jurisdictional prerequisites are met. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998) ("A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution" and "fulfill statutory jurisdictional prerequisites."). Here, there is no dispute that an actual case or controversy exists. Nor is there any dispute that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Compl. ¶¶ 1-3.

The inquiry thus turns to whether the Court should use its discretion to exercise jurisdiction under the Declaratory Judgment Act. Where a suit "passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is

appropriate." Gov't Employees Ins. Co. v. Dizol, 133 F.3d at 1223. "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id. at 1225 (citing factors listed in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)); see also id. at 1225 n.5 (listing other considerations). The existence of parallel state proceedings triggers a presumption that the entire suit should be heard in state court. See id. at 1225 (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991)). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the parties." Brillhart, 316 U.S. at 495.

The Court will decline to exercise its jurisdiction under the Declaratory Judgment Act. The Court is satisfied that the facts of this case are substantially similar to those in the Balaton case decided in this district several years ago. See Balaton Condo., LLC v. Balaton Condo. Ass'n, No. C07-564-JCC, 2007 WL 2069861 (W.D. Wash., July 17, 2007). As in Balaton, the present federal action entails only Washington substantive law; all the parties to the federal action are parties to a pending state court action; the issues raised in this federal forum may be central to the state court action; and there is evidence of forum shopping in light of the parties' negotiations leading up to the court-filings and litigation. The Court is unpersuaded by the Developer's argument that the state court action is not a parallel proceeding because it involves different issues. While the settlement agreement issue presented by the Developer in this federal action is indeed narrower than the issues involved in the state proceeding, it will undoubtedly play a significant role in determining the outcome of the state action. Further, the dispute between the parties as to whether the narrower question before the Court could be easily settled with minimal discovery leads the Court to believe that the matter is more properly addressed in state court, with the participation of all

of the parties to that action.  Allowing this case to move forward would unnecessarily create duplicative litigation.

## III. CONCLUSION

The Court GRANTS Defendant Magnuson Pointe Condominium Association's Motion to Dismiss, docket no. 5, and DISMISSES without prejudice Plaintiff's Complaint for Declaratory Relief.

IT IS SO ORDERED.

DATED this 6th day of January, 2010.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER -4-